UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAWN EGGSWARE,

                            Plaintiff,

v.

ALBANY MASONIC TEMPLE;                        1:21-CV-0933
SAM COLEMAN; DEMETRIUS                        (GLS/ML)
McCORD; BRAYTON
WHITNEY; NEIL DEGRASSE
TYSON; DAVE LOOMLOOM,
Clifton Park; CITIZENS
BANK; NYS DOL; TIM
STOCKWELL; and JOURNEYMEN
LABOR SERVICES,

                            Defendants.
_____

APPEARANCES:                                                               OF COUNSEL:

SHAWN EGGSWARE
  Plaintiff, *Pro Se*
85 Mohawk Street
Cohoes, New York 12047

MIROSLAV LOVRIC, United States Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

        The Clerk has sent this *pro se* Complaint (Dkt. No. 1) together with an application to proceed *in forma pauperis* filed by Shawn Eggsware ("Plaintiff") (Dkt. No. 2) to the Court for review. For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No. 2), and I recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed in its entirety (1) in part with leave to amend, and (2) in part without leave to amend.

## I. BACKGROUND[1]

Liberally construed,[2] Plaintiff's Complaint asserts that his civil rights were violated by Defendants Albany Masonic Temple, Sam Coleman, Demetrius McCord, Brayton Whitney, Neil Degrasse Tyson, Dave LoomLoom, Citizens Bank, New York State Department of Labor ("NYSDOL"), Tim Stockwell, and Journeymen Labor Services (collectively "Defendants"). (*See generally* Dkt. No. 1.) The Complaint alleges that Defendants invaded Plaintiff's privacy and his "right to sanity." (*Id*.) Plaintiff alleges that while he does not know the "root cause or how people are 'invading [his] privacy,'" Defendants have his personal information—including his Social Security number and copies of his driver's license—without his permission. (*Id*.) In addition, Plaintiff alleges that Defendants have conspired[3] to gain unauthorized access to his personal information. (*Id*.)

Based upon the foregoing allegations, the Complaint appears to assert the following three claims: (1) a claim of taking personal identification information, (2) a claim of conspiracy, and (3) a claim of breach of contract against Defendant Whitney.[4] (*See generally* Dkt. No. 1.) As relief, Plaintiff seeks $25,000.00 in damages. (*Id*. at 12.)

Plaintiff also filed an application for leave to proceed *in forma pauperis*. (Dkt. No. 2.)

---

[1] The Court notes that Plaintiff filed two other civil actions in this District shortly after he filed this action. *See Eggsware v. United States Secret Service et al.*, No. 1:21-CV-1029 (GTS/CFH); *Eggsware v. East Coast Syndicate et al.*, No. 1:20-CV-1064 (LEK/CFH).

[2] The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[3] Plaintiff alleges that most of the Defendants are involved in a conspiracy involving the "freemason society and/or the 'illuminati gang.'" (Dkt. No. 1 at 1.)

[4] Plaintiff also appears to request that several Defendants be charged with various crimes pursuant to the N.Y. Penal Law.

## II.    PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).[5]  After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard.  Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[6]

## III.   LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis

---

[5]    The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[6]    Plaintiff is reminded that, although his application to proceed *in forma pauperis* has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an

indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

## IV. ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

Plaintiff's Complaint fails to provide sufficient factual assertions for the Court to review or for Defendants to have proper notice of the claims against them. The haphazard collection of facts and allegations do not provide any indication of the causes of action Plaintiff intends to assert or whether this Court has jurisdiction over the action. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

5

Fed. R. Civ. P. 8(a).  The purpose of Fed. R. Civ. P. 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.)).  Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . .

Fed. R. Civ. P. 10(b).  The purpose of Fed. R. Civ. P. 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 92-CV-4838, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992) (citation omitted).

A complaint that does not comply with these Rules "presents far too heavy a burden in terms of [Defendant's] duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [Plaintiff's] claims," and may properly be dismissed by the court.  *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy, C.J.).  "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Artuz*, 1998 WL 832708, at *2 (internal quotation marks omitted).

I recommend that the Complaint be dismissed because it is fails to comply with the requirements set forth in Fed. R. Civ. P. 8 and 10.

In the alternative, I recommend dismissal of Plaintiff's Complaint for failure to state a claim and because it seeks monetary relief against a Defendant who is immune from suit.

6

### A. Claims Against Defendant NYSDOL

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.  Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  "New York State has not consented to suit in federal court."  *Abrahams v. Appellate Div. of Supreme Court*, 473 F. Supp. 2d 550, 556 (S.D.N.Y. 2007) (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977)).

As a result, I recommend that Plaintiff's claims against Defendant NYSDOL be dismissed because those claims seek monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1915(e)(2)(B)(iii); *see Greenidge v. NYS Dep't of Labor*, 14-CV-4958, 2015 WL 170574, at *3 (E.D.N.Y. Jan. 13, 2015) (collecting cases) ("The New York State Department of Labor is an agency of the State of New York and, accordingly, enjoys Eleventh Amendment immunity against claims for damages.").

### B. Claims Pursuant to 42 U.S.C. § 1983

"To state a valid claim under § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."  *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).  Thus, § 1983 does not create any independent substantive right, but

rather "provides a civil claim for damages" to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

There is no single test that is determinative of whether a private person or entity may be a state actor, but rather a host of factors. *Baum v. N. Dutchess Hosp.*, 764 F. Supp. 2d 410, 428 (N.D.N.Y. 2011) (Treece, M.J.). A state actor may be found when: (1) "[the challenged activity] results from the State's exercise of coercive powers"; (2) "the State provides significant encouragement, either overt or covert . . . or when a private actor operates as a willful participant in joint activity with the State or its agents"; (3) "it is controlled by an agency of the State;" (4) "it has been delegated a public function by the State [known as the public function test]"; or (5) "it is entwined with governmental policies or when government is entwined in its management or control[.]" *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 296 (2001) (citations, quotation marks, and alterations omitted).[7]

To the extent that Plaintiff attempts to assert claims pursuant to 42 U.S.C. § 1983, the allegations in the Complaint do not plausibly suggest that Defendants Albany Masonic Temple, Coleman, McCord, Whitney, Tyson, LoomLoom, Citizens Bank, Stockwell, or Journeyman Labor Services, are state actors for purposes of liability pursuant to 42 U.S.C. § 1983. *See DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir. 1975) (dismissing the complaint

---

[7]   On occasion, these criteria have been stated differently but the impact remains the same:

> The conduct of private actors can be attributed to the State for [§ 1983] purposes if (1) the State compelled the conduct, (2) there is a sufficiently close nexus between the State and the private conduct, or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State. *See Sybalski v. Indep. Group Home Living Program, Inc.,* 546 F.3d 255, 257 (2d Cir. 2008).

*Hogan v. A.O. Fox Mem'l Hosp.,* 346 F. App'x 627, 629 (2d Cir. 2009).

under § 1983 where the *pro se* plaintiff failed to include allegations of state action in the complaint against a private company); *Carollo-Gardner v. Diners Club*, 628 F. Supp. 1253, 1256-57 (E.D.N.Y.1986) (dismissing a frivolous *pro se* complaint under § 1983 where the plaintiff failed to allege state action on the part of defendants, a private charge card company). Although Plaintiff alleges that Defendant Stockwell works for the New York State Comptroller's Office, Plaintiff's allegations with respect to Defendant Stockwell—that he claimed Plaintiff and Plaintiff's daughter on his personal income taxes—does not plausibly suggest any action taken as a state actor. (Dkt. No. 1 at 10.)

As a result, I recommend that Plaintiff's claims pursuant to 42 U.S.C. § 1983, against Defendants Albany Masonic Temple, Coleman, McCord, Whitney, Tyson, LoomLoom, Citizens Bank, Stockwell, or Journeyman Labor Services be dismissed for failure to state a claim.

### C. New York State Common Law Claims

In the event that Plaintiff's federal claims—to the extent that he alleged any—are dismissed, I recommend that the Court decline to exercise supplemental jurisdiction over any state law claims. *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.").[8]

## V. OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint

---

[8] The Court also notes that there is "no private cause of action to enforce either state or federal criminal statutes." *George v. Progressive Ins. Agency, Inc.*, 18-CV-1138, 2018 WL 4660379, at *3 (N.D.N.Y. Sept. 28, 2018) (Baxter, M.J.) (citing *Carvel v. Ross*, 09-CV-0722, 2011 WL 856283, at *11-12 (S.D.N.Y. Feb. 6, 2011)).

gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[9]

      Here, I recommend Plaintiff claims against Defendants Albany Masonic Temple, Coleman, McCord, Whitney, Tyson, LoomLoom, Citizens Bank, Stockwell, or Journeyman Labor Services be dismissed with leave to amend his Complaint. This Court has serious doubts about whether Plaintiff can amend to assert actionable claims against those Defendants. However, I am unable to conclude with complete certainty that if permitted leave to amend the Complaint, Plaintiff could not assert plausible claims pursuant to 42 U.S.C. § 1983. Accordingly, I recommend that leave to amend be granted.

---

[9]   *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

However, with respect to Plaintiff's claims against Defendant NYSDOL, I recommend that those claims be dismissed without leave to amend because Defendant NYSDOL is immune from suit.

If Plaintiff choose to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *accord Pourzancvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, Plaintiff must clearly set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any named Defendant in the constitutional deprivations alleged in sufficient detail to establish that it was tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's claims against Defendants Albany Masonic Temple, Coleman, McCord, Whitney, Tyson, LoomLoom, Citizens Bank, Stockwell, or Journeyman Labor Services because the Complaint is frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), or in the alternative, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD** Plaintiff's claims against Defendants NYDOL because the Complaint is frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), and because it seeks monetary relief against a Defendant who is immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Order and Report-Recommendation on Plaintiff, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[10]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: November 16, 2021
       Binghamton, New York

*(signature)*
Miroslav Lovric
U.S. Magistrate Judge

---

[10]  If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).