UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

SHAWN EGGSWARE,

                              Plaintiff,                          1:21-CV-0933
                                                                  (GLS/ML)
v.

ALBANY MASONIC TEMPLE,

                              Defendant.

_____

APPEARANCES:                                      OF COUNSEL:

SHAWN EGGSWARE
  Plaintiff, *Pro Se*
66 2nd Street
Waterford, New York 12188


MIROSLAV LOVRIC, United States Magistrate Judge

## **REPORT-RECOMMENDATION**

The Clerk has sent this *pro se* Amended Complaint (Dkt. No. 6) to the Court for review.

For the reasons discussed below, I recommend that Plaintiff's Amended Complaint (Dkt. No. 6)

be dismissed in its entirety without leave to amend.

## I.    BACKGROUND[1]

Liberally construed,[2] Plaintiff's Amended Complaint—which is a form complaint pursuant to Title VII of the Civil Rights Act, as amended—asserts that his rights were violated by Defendant Albany Masonic Temple ("Defendant").[3]  (*See generally* Dkt. No. 6.)  The Amended Complaint alleges that at some point in time, Plaintiff was employed "doing concrete" for two "free masons."  (Dkt. No. 6 at 3.)  Plaintiff alleges that he was fired after "sticking up for JayZ."  (*Id*.)  Plaintiff alleges that since that incident, "they" have stalked and harassed him.  (*Id*.)  In addition, Plaintiff alleges that when he has sought employment elsewhere, "they call, follow or degrade [his] character preventing employment."  (*Id*.)  Plaintiff alleges that he has made a diary on his phone through video and text messages but that "they" watch those videos and read his personal notes.  (*Id*. at 5.)

Plaintiff appears to assert a claim for invasion of privacy.  (*Id*. at 5.)  As relief, Plaintiff seeks $25,000.00 and a restraining order.  (*Id*. at 4.)

---

[1]    The Court notes that Plaintiff filed four other civil actions in this District after he filed this action.  *See Eggsware v. United States Secret Service et al.*, No. 1:21-CV-1029 (GTS/CFH) ("*Eggsware II*'); *Eggsware v. East Coast Syndicate et al.*, No. 1:20-CV-1064 (LEK/CFH) ("*Eggsware III*'); *Eggsware v. Doe*, No. 1:22-CV-0054 (BKS/CFH) ("*Eggsware IV*"); and *Eggsware v. Winfrey et al.*, No. 1:22-CV-0077 (GLS/DJS) ("*Eggsware V*").  *Eggsware IV* was dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted.  (*Eggsware IV*, Dkt. No. 5.)

[2]    The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[3]    The Court notes that the Complaint included Sam Coleman, Demetrius McCord, Brayton Whitney, Neil Degrasse Tyson, Dave LoomLoom, Citizens Bank, Tim Stockwell, and Journeymen Labor Services as defendants.  However, it appears that Plaintiff dropped his claims against those parties and the Amended Complaint appears to assert one cause of action against Defendant Albany Masonic Temple.  (Dkt. No. 6 at 1.)

## II.    LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

## III.    ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Having reviewed Plaintiff's Amended Complaint with this principle in mind, I recommend that all causes of action be dismissed.

Although Plaintiff completes his Amended Complaint on a form complaint for violations of Title VII of the Civil Rights Act, as amended, Plaintiff cannot proceed under that statute because he fails to allege that he was discriminated or retaliated against in any capacity.

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his . . . terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42. U.S.C. § 2000e-2(a). A plaintiff asserting a claim under Title VII may establish a prima facie case by showing that (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) "the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *See Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004). The last factor may be satisfied "through direct evidence of intent to discriminate, or by indirectly showing circumstances giving rise to an inference of discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) (citations omitted).

Plaintiff fails to allege facts plausibly suggesting that he is a member of any protected class (Dkt. No. 6 at 2), that he was qualified for the position he held, or that the adverse employment action—his termination—occurred under circumstances giving rise to an inference of discriminatory intent. (*See generally* Dkt. No. 6.) Instead, Plaintiff alleges that he was "fired . . . for sticking up for JayZ." (Dkt. No. 6 at 3.)

Further, even applying special solicitude, the undersigned can identify no other law or statute under which Plaintiff can properly bring his claims. It appears that Plaintiff is contending

that unnamed individuals violated unspecified sections of the New York State penal code related to unlawful surveillance and/or the tampering of private communications, and that Plaintiff seeks this Court to compel prosecutorial agencies to prosecute.  (*See generally* Dkt. No. 6.)  This Court does not have authority to compel a prosecutor to prosecute.  Prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court."  *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).  In addition, Plaintiff does not have standing to compel any law enforcement agency to prosecute any suspected criminal acts because there is no private right of action to enforce state or federal criminal statutes.  *See generally Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Walker v. CIBC Ltd.*, 20-CV-1337, 2021 WL 3518439, at *5 (N.D.N.Y. Apr. 13, 2021) (Hummel, M.J.) ("It appears plaintiff is either seeking the criminal prosecution of an individual or individuals or a law enforcement investigation, which is beyond this Court's jurisdiction."), *report-recommendation adopted by* 2021 WL 3204860 (N.D.N.Y. July 29, 2021) (McAvoy, J.); *McFadden v. Ortiz*, 12-CV-1244, 2013 WL 1789593, at *3 (N.D.N.Y. Apr. 26, 2013) (D'Agostino, J.) (holding that "there is no private right of action to enforce either state or federal criminal statutes.")

As a result, I recommend that Plaintiff's Amended Complaint be dismissed in its entirety for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV.    OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint

gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, Plaintiff has already amended the complaint once and failed to correct the pleading defects. Plaintiff fails to allege facts plausibly suggesting a claim pursuant to Title VII of the Civil Rights Act, as amended. In addition, Plaintiff appears to ask this Court to initiate the prosecution of unspecified individuals for "invasion of privacy" (Dkt. No. 6 at 5), which this Court interprets as violations of New York State laws. Because Plaintiff has no standing to compel investigations or prosecutions, his Amended Complaint must fail, as discussed in greater detail above. As a result, I recommend that the Amended Complaint be dismissed without leave to amend. *See Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 168 (2d Cir. 2003) (quoting *Dluhos v. Floating & Abandoned Vessel, Known as "New York,"* 162 F.3d 63, 69 (2d Cir. 1998)) (finding that the "District Court did not abuse its discretion in denying [the plaintiff] leave to amend the complaint because there was a 'repeated failure to cure deficiencies by amendments previously

allowed.'"); *Salinger v. Projectavision, Inc.*, 972 F. Supp. 222, 236 (S.D.N.Y. 1997) ("Three bites at the apple is enough.").

**ACCORDINGLY**, it is

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD** Plaintiff's Amended Complaint (Dkt. No. 6) because it fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Report-Recommendation on Plaintiff, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[4]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: March  28 , 2022
       Binghamton, New York

*Miroslav Lovric*

Miroslav Lovric
U.S. Magistrate Judge

---

[4]     If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).